IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 7, 2021

## CHRISTOPHER ORLANDO LYLES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-19-239      Donald H. Allen, Judge**

_____

### No. W2021-00163-CCA-R3-PC

_____

The petitioner, Christopher Orlando Lyles, appeals the trial court's dismissal of his petition for post-conviction relief as time barred, which petition challenged his 2016 convictions of first degree felony murder, second degree murder, especially aggravated kidnapping, attempted aggravated robbery, and aggravated burglary. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

William Milam, Jackson, Tennessee, for the appellant, Christopher Orlando Lyles.

Herbert H. Slatery III, Attorney General and Reporter; David A. Findley, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Christopher Orlando Lyles, appeals the Madison County Circuit Court's dismissal of his petition for post-conviction relief. In October 2016, the defendant was convicted at trial of one count of first degree felony murder, one count of second degree murder, two counts of especially aggravated kidnapping, three counts of attempted aggravated robbery, and one count of aggravated burglary, and the trial court imposed an effective life sentence. _State v. Christopher Orlando Lyles_, No. W2017-00292-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, June 6, 2018). This court affirmed the defendant's convictions on direct appeal, _id._, and our supreme court denied review on September 14, 2018. _State v. Christopher Orlando Lyles_, No. W2017-00292-SC-R11-CD (Tenn., Jackson, Sept. 14, 2018) (order).

The petitioner filed a pro se petition for post-conviction relief, challenging the validity of the arrest warrants in his case. The petition bears a file stamped date of September 25, 2019. Above the petitioner's signature on the certificate of service, the petition bears a date of September 23, 2019. The petitioner included with his petition a note to the court clerk indicating that the facility at which he was housed was "on partial lockdown" and that he was unable to make copies of his petition. That note is also dated September 23, 2019.

In its preliminary order, the trial court found that the petitioner stated a colorable claim for relief and appointed counsel. The petitioner filed an amended petition for post-conviction relief adding a claim of ineffective assistance of trial counsel. The State moved to dismiss the petition, arguing that it was time barred.

At the January 7, 2021 hearing, the defendant testified that he was housed at the Whiteville Correctional Facility. He said that he signed the pro se petition on September 23, 2019, explaining that "[d]uring that time my compound was going through lockdown and then on top of that we could only send legal mail out on Tuesday mornings between the hours of 7:30 and I think 9:00." The petitioner said that the lockdown was such that inmates were not permitted "to come out or go in the hallway" except to meet with an attorney, go to "visitation," or shower once every 72 hours. He said that the facility "was on off-and-on lock down two to three weeks at a time during that time period" to enable the corrections officers to get control of "a lot of gang stuff" within the facility. He said that he was "pretty sure" that he was on lockdown from September 14 through 23, 2019, because at the time that he mailed his petition, inmates from the South Central Correctional Facility were being transferred into the Whiteville facility, during which period, the Whiteville facility remained on lockdown.

During cross-examination, the petitioner said that when the facility was on lockdown, all meals were served in the cells. He explained that the only place to deposit outgoing mail was "in the sally port," which area he could not access during a lockdown. He denied that he was permitted to give legal mail to a guard, saying, "We are supposed to be able to walk to the mailroom and hand it to them [our]self that way they can sign off on it and let you sign the withdrawal form for the stamp." The petitioner acknowledged that there were periods during which he was not on lockdown but said that he could not mail his petition at that time because he "was still waiting on stuff I need so I can exhaust all my remedies for my post[-]conviction." When the State confronted the petitioner with an unrelated petition mailed by another inmate at the Whiteville facility, the petitioner explained that "certain inmates have got more privileges than other inmates." The petitioner maintained that he could not mail his petition because of the lockdown procedures. He acknowledged that there were periods during September that the facility was not locked down but reiterated that he did not have all of the materials that he needed

to finish preparing his petition at those times. He acknowledged that had he had what he needed to complete the petition, he could have mailed it during the times that the facility was not locked down.

On redirect examination, the petitioner explained that he did not have copies of the jury instructions, opening statements, or closing arguments from his trial. He said that he had requested those documents but had not received them before the deadline for the filing of his post-conviction petition.

During recross-examination, the petitioner acknowledged that the only issue that he raised in his pro se petition related to the validity of the arrest warrants. He said that he did not raise other issues because he "did not receive the other information that I needed." He said that the warrants issue was "all I had ready to file[,] and I knew my time was getting short so I had to get it out as soon as possible."

Upon questioning by the court, the petitioner explained that during a lockdown, "they confine all inmates to their cell except for the ones needed to clean the hallways and the kitchen workers." He could not recall the specific dates of the lockdown but said that the facility was locked down for the majority of September 2019. The petitioner acknowledged that the one-year statute of limitations expired on September 14, 2019. The petitioner testified that when he first arrived at the Whiteville facility, he "went to the law library and looked up everything I thought I needed for my case." When he received his trial record, he read through it and "realized that my jury instructions and my opening and closing arguments were not present in there," at which time he wrote to the trial court clerk and "asked about where do I find those." The clerk informed him that he had to contact someone else for the records he sought. The petitioner testified that he had requested the missing records "way before it was time for my post-conviction to be turned in."

The petitioner acknowledged that he did not sign and mail his petition until September 23, 2019. He also acknowledged that it was possible to give legal mail to an officer but said that "they are not going to mail it out until" the next "Tuesday between the hours of 7:30 and 9[:00 a.m.]" He explained that he waited until September 23 to sign the petition because he wanted the date he signed to be the same as the date he mailed it to avoid a "discrepancy in the paperwork." He said that he referenced a "partial lockdown" in his September 23, 2019 letter to the court clerk because the inmates who were already at the Whiteville facility, including him, were placed on lockdown while those being transferred in from the South Central facility were going through intake.

During further cross-examination, the petitioner acknowledged that he was able to mail his petition on September 23 despite being on lockdown because he was able

-3-

to get an officer to escort him to the mailroom that day. He denied that he could have gotten an escort any other day.

In its written order dismissing the post-conviction petition as time barred, the trial court found that the deadline to file the petition was September 14, 2019, but that the petition was not signed until September 23, 2019, and was not received by the clerk until September 25, 2019. The court found that the petitioner was not under lockdown until August 2019, and that the lockdown was intermittent, resulting in times during August and September 2019 that the petitioner was not under lockdown. The court also found the petitioner's testimony that the facility processed mail only on Tuesdays incredible and not "factually truthful." The court concluded that the petitioner had failed to establish that he was entitled to tolling of the statute of limitations, noting that the petitioner was able to mail his petition on September 23, 2019, despite being under lockdown at that time.

In this timely appeal, the petitioner argues only that he "was prevented from timely filing his petition for post-conviction relief" because of the facility's lockdown in September 2019, and that the delay was "through no fault of his own."

We review a post-conviction court's summary dismissal of a petition for post-conviction relief as time barred de novo. *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013) ("Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review.").

Code section 40-30-102 provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final," otherwise, "consideration of the petition shall be barred." T.C.A. § 40-30-102(a). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed

-4-

within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). Code section 40-30-122 further provides:

For purposes of this part, a new rule of constitutional criminal law is announced if the result is not dictated by precedent existing at the time the petitioner's conviction became final and application of the rule was susceptible to debate among reasonable minds. A new rule of constitutional criminal law shall not be applied retroactively in a post-conviction proceeding unless the new rule places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that are implicit in the concept of ordered liberty.

*Id.* § 40-30-122.

Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see also generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and

prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)).

Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) *examined by Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 511-13 (Tenn. 2013). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

Our review of the record supports the post-conviction court's determination that the petition was time barred and that the petitioner has failed to establish that he is entitled to due process tolling of the statute of limitations.

As an initial matter, we note that September 14, 2019, the date one year from our supreme court's denial of permission to appeal, was a Saturday, and, consequently, the petitioner had until Monday, September 16, 2019 to file his post-conviction petition. *See* Tenn. R. App. P. 21(a).

The petitioner has not alleged a statutory exception to the one-year statute of limitations. He also made no claim in his pro se or amended post-conviction petition to due process tolling of the statute of limitations. The trial court, nonetheless, granted him a hearing. At the hearing, the petitioner acknowledged that he did not mail his petition until September 23, 2019, seven days after the deadline. He testified that he was under intermittent lockdown during the months of August and September 2019 but could not remember specific dates. He also said that he could not mail his petition early because he did not have all of the records from his trial case. Although the petitioner testified that the prison facility processed mail only one day per week, the trial court discredited that testimony, and the petitioner presented no other evidence of the facility's mail practices or procedures.

Even accepting that during a lockdown the petitioner could not access the prison mailbox without an officer's escort, without evidence of the length of each lockdown or that the facility was locked down in the days leading up to and including September 16, 2019, the petitioner has failed to establish that he was prevented from mailing his petition on time and is not entitled to due process tolling. Moreover, as the post-conviction court points out, the petitioner mailed his petition on September 23, 2019, despite being under a lockdown. The petitioner asserted that he could not have gotten an

officer's escort to the mailbox sooner than that date but presented no evidence that he sought an escort or otherwise attempted to mail the petition by the September 16 deadline.

Accordingly, we affirm the post-conviction court's dismissal of the petitioner's petition for post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE